UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ESTHER PATINO SANTACRUZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-05513-DAD-AC<br><br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 3) |

On July 16, 2026, petitioner proceeding with counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On July 17, 2026, petitioner filed a motion for temporary restraining order requesting her immediate release. (Doc. No. 2.) In her petition for writ of habeas corpus, petitioner alleges the following.

Petitioner was placed in removal proceedings on July 25, 2016. (Doc. No. 1 at ¶ 2.) Petitioner was granted parole into the United States on or about July 26, 2016 pursuant to 8 C.F.R. § 212.5 and was released from immigration detention on August 2, 2016. (*Id.*) Petitioner was ordered removed on October 23, 2019, and her removal order became final on January 20, 2026, when the Ninth Circuit dismissed her appeal and judgement took effect. (*Id.* at ¶ 3.)

1

Petitioner applied for adjustment of status on or about April 13, 2026, and her application remains pending. (*Id.* at ¶ 4.) On July 13, 2026, petitioner reported for an in-person check-in with ICE and was re-detained without explanation. (*Id.* at ¶¶ 8–9.)

On July 17, 2026, the court issued an order setting a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided, including, as relevant here, *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778 (E.D. Cal. Aug. 20, 2025). (Doc. No. 4.) In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in respondent's opposition. (*Id.*) Respondents' opposition was due no later than July 21, 2026 at 5:00 p.m.. (*Id.*) To date, respondents have not filed an opposition. The court construes respondents' failure to file an opposition to the motion for temporary restraining order and failure to object to the court ruling on the merits of the petition as a concession that the petition should be granted. *See* L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

Addressing the pending petition on the merits, the court adopts its reasoning set forth in *Yang*, 2025 WL 2791778, at *4–5, where the court ordered the petitioner's immediate release after finding that the respondents' failed to comply with the requirements of their own regulations when re-detaining the non-citizen subject to final removal order.[1]

For the reasons explained above,

    1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

---

[1] In the event that petitioner is subject to detention pursuant to § 1226(a), as suggested by petitioner's argument in the petition (Doc. No. 1 at ¶¶ 118–121), the court incorporates and adopts the reasoning set forth in its prior orders *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioners' immediate release.

2

   a.   Respondents are ORDERED to immediately release petitioner Maria Esther Patino Santacruz, A-File No. 206-713-139, from respondents' custody;

   b.   Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.   Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting her habeas petition on the merits;

3.   The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.   The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 23, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3